UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHLEEN DONALDSON                                            CIVIL ACTION

VERSUS

SAM'S EAST, INC., ET AL.                                      NO. 18-01108-BAJ-RLB

### RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 18)** filed by Defendants Sam's East and Joseph Baldwin ("Defendants"). The Motion is opposed by Plaintiff. (Doc. 19). Defendants filed a Reply. (Doc. 24). For the reasons stated below, Defendants' Motion is **GRANTED**.

### I. BACKGROUND

This claim for damages arises out of a May 11, 2018 slip and fall by Plaintiff at Defendant Sam's Club East's store located in Baton Rouge, Louisiana. (Doc. 19, p. 1). Plaintiff contends that she slipped on something that "got under her foot," and alleges that a nearby wood chip from a pallet[1] was the cause of the accident. (*Id.*, at p. 2). Plaintiff's hip was broken in the fall, and she required emergency surgery the next day. (*Id.*). This suit was originally filed in the 19th Judicial District Court, East Baton Rouge Parish and was removed to this Court pursuant to a Notice of Removal (Doc. 1) filed on December 31, 2018.

---

[1] Sam's Club uses wooden pallets to move merchandise throughout the store with forklifts. (Doc. 18-5, p. 22). They are also used to store items for sale in and above the aisles. (*Id.*, p. 17).

1

JURY

Defendants maintain they are entitled to summary judgment because Plaintiff is unable to prove that an unreasonably dangerous, or any other, condition caused her accident. In the alternative, Defendants argue that Plaintiff is unable to prove that Defendants either created the condition or had actual or constructive notice of the condition which allegedly caused the fall prior to its occurrence, as required by La. R.S. 9:2800.6.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* FED. R. CIV. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

### III. Analysis

In a diversity action, Louisiana substantive law applies. *See Erie R. Co. v. Thompkins*, 304 U.S. 64 (1938). Louisiana's Merchant Liability Act, La. R.S. § 9:2800.6, establishes a plaintiff's burden of proof in slip and fall incidents on a merchant's premises due to a hazardous condition in or on the premises. In addition to proving that the hazardous condition caused her fall, a plaintiff must establish that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable.[2]
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable case.

La. Rev. Stat. § 9:2800.6(B).

While Defendants allege that Plaintiff has failed to meet her burden as to all necessary elements of La. Rev. Stat. § 9:2800.6, Plaintiff's failure to prove any one of these required elements will prove fatal to her claim. *White v. Wal-Mart Stores, Inc.*,

---

[2] Defendant does not challenge that a wood chip in an aisle creates an unreasonable risk of harm.

3

699 So.2d 1081,1086 (La. 1997).

Because it is dispositive to Plaintiff's claim, the Court shall begin its analysis with La. Rev. Stat. § 9:2800.6(B)(2). Neither party asserts that Defendants had actual notice of the hazard; therefore, the Court must determine whether Defendants created the hazard or whether they had constructive notice of the hazard.

### A. Whether Defendants Created the Hazard

In lieu of actual notice, a plaintiff may argue that that the merchant created the hazardous condition. Plaintiff provides two arguments for how Defendants created the condition. First, Plaintiff contends that the most common manner by which wood chips end up on aisle floors occurs at night, when the pallets are moved, and that, in this case, this is how the wood chip came to be in the aisle. (Doc. 19, p. 9). However, this argument is speculative. Donald Roberts, an employee of Defendant Sam's East, Inc., noted that wood chips end up in the aisle during stocking, as pallets are lifted up by forklifts; when heavier people step onto the front part of the pallet to reach something at the back; or when a customer runs the bottom of a cart into the pallet, causing it to chip. (Doc. 19-4, p. 9–10). Trenton Arrington, another employee, noted that wood chips sometimes fall from "pallets on top that stay behind. . . sometimes the wood chips will be hanging, and they'll fall." (Doc. 19-5, p. 11). There is simply no evidence in the record as to how this particular wood chip actually came to be in the aisle.

Second, Plaintiff acknowledges that a customer could have fractured the wooden pallet with a cart, and thus by utilizing wooden pallets with a propensity to

4

chip—rather than, for example, plastic pallets—Defendant had knowledge of the possibility of a hazard such that they created a condition with an unreasonable risk of harm. (*Id.*, p. 10). Plaintiff relies on *Saucier v. Kugler, Inc.* for support. 828 So.2d 1309, (La. App. 3 Cir. 1993). In *Saucier*, the court found that a grocery store created a hazardous condition by stacking lemons in a manner which often caused them to tumble to the floor. *Id.* at 1314. Plaintiff asserts that Defendants acted similarly by providing metal carts to customers near wooden pallets which may fracture upon contact. (Doc. 19, p. 10). Defendants rely on *Ross v. Schwegmann Giant Super Mkts., Inc.* for the proposition that Plaintiff has not provided proof "that the merchant is directly responsible for the spill or other hazardous condition." 98-1036 (La. Ct. App. 1 Cir. 5/14/99); 734 So.2d 910, 913. (Doc. 24, p. 7).

The two cases are reconcilable in this instance, and neither supports the assertion that Defendants created the hazard. In *Saucier*, the defendant created the hazard by stacking lemons in a dangerous way. While Plaintiff asserts that Defendant "cannot provide its customers with metal carts knowing that the carts hit pallets and cause wood fractures but deny responsibility for the fractures," she does not argue that using wooden pallets to display merchandise or providing metal carts is *per se* unreasonable or hazardous, such as when fruit is improperly stacked. Plaintiff acknowledges that the pallets only become dangerous, in this circumstance, when a customer breaks them. If the wood chip ended up on the floor due to a customer running into a pallet with a cart or stepping on one, however, there is no plausible argument that Defendant is directly responsible for creating that condition.

5

Unlike with the falling lemons in *Saucier*, there is an intermediate and independent actor which severs a chain of responsibility. Without more, Plaintiff cannot demonstrate that Defendant created the hazardous condition.

### B. Notice

Given that there is no evidence that Defendants created the condition, Plaintiff must prove that Defendants had constructive notice of the hazard. The Louisiana Merchant Liability Act provides that a merchant can be charged with "constructive notice" of a hazardous condition if the plaintiff proves "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La R.S. 2:800.6(C)(1). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *White*, 699 So.2d at 1085. This standard may be met through direct or circumstantial evidence. *See Perdomo de Lao v. Sam's Club*, 2020 WL 4432280, at *2 (E.D. La. July 31, 2020); *Davenport v. Albertson's, Inc.*, 2000-00685, p. 4 (La. App. 3 Cir. 12/6/00); 774 So.2d 340, 343.

This burden remains with the plaintiff and never shifts to a defendant to disprove the existence of a hazard. *See White*, 699 So.2d at 1085. Further, the United States Court of Appeals for the Fifth Circuit noted that "[m]ere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Bagley v. Albertsons, Inc.*,

6

492 F.3d 328, 330 (5th Cir. 2007) (citation omitted). This statute is "decidedly pro-defendant" by design. *Welch v. Winn-Dixie Louisiana, Inc.*, 655 So.2d 309, 314 (La. 1995) (overruled in part on other grounds by *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997)).

Plaintiff asserts that "[t]he wood chip [Plaintiff] slipped on was likely in the aisle for close to seven hours at the time [Plaintiff] slipped on it." (Doc. 19, p. 3). To support this inference, Plaintiff relies on the depositions of the employees working at Defendant Sam East Inc.'s store at the time of the accident. Wood chips most commonly break off pallets when the pallets are moved during stocking. (Doc. 19, p. 2). Arrington, the employee in charge of the section where Plaintiff slipped, testified that he "does not inspect the aisles until the end of his shift or at closing." (Doc. 19, p. 3). He was also on a lunch break at the time of Plaintiff's accident. (*Id.*). Therefore, because the aisle likely had not been inspected since the night before, Plaintiff contends that the wood chip must have broken off during the night and had gone undiscovered all day.

However, Plaintiff provides no evidence as to how the wood chip ended up in the aisle, nor how long it had been there. Plaintiff herself testified that she went down so quickly, she "just didn't know what happened." (Doc. 18-1, p. 9). Plaintiff's husband testified during a deposition that Plaintiff said she felt something under her foot when she fell. (Doc. 19, p. 4). Neither Plaintiff nor her husband actually saw what caused her to fall prior to the accident. (Doc. 18-1, p. 9). Plaintiff herself only recalls that she "turned around to walk towards [her] husband and just ended up on the

7

floor." (Doc. 18-3, p. 16). There was no one else in the aisle with them, although a customer and an employee came to check on Plaintiff after the fall. (Doc. 18-3, p. 25). While Plaintiff was on the ground, her husband found a woodchip near her foot, that was "about an inch thick and two and a half inches long." (Doc. 19, p. 5). The chip, which was partially painted blue, matched the color on a nearby pallet, such that it blended into the floor. (*Id.*).

There is no surveillance footage. There are no photographs of the aisle before or after the accident. There is not specific evidence as to which pallet the chip broke from. It is certainly possible that the wood chip split off of a pallet, as Plaintiff asserts, the night before the accident while it was being moved. It is also possible that a customer at some point during the day, including in the minutes immediately prior to Plaintiff's accident, broke a piece of the pallet off either with their body weight or their cart. Plaintiff was only in the store for five minutes before she slipped. (Doc. 18-3, p. 13). There is even some evidence that the aisle where Plaintiff slipped was inspected by a different employee, Jeremiah Griffin, every two hours, although Griffin does not affirmatively testify that he did inspect the area on the day in question. *See* (Doc. 18-7, p. 8). Without more, Plaintiff cannot demonstrate that the wood chip existed in a location such that an employee would have seen it while conducting regular inspections.

Circumstantial evidence is admissible to prove constructive notice. For example, in *Davenport*, the Louisiana Court of Appeal for the Third Circuit found that the testimony of witnesses who had seen foreign objects (in this case, toys) in an

aisle since the date of the fall, around the same time as the fall, along with photographic evidence of toys laying in the aisle taken fourteen months after the fall was sufficient to create a genuine issue of material fact as to whether the employer had constructive notice on the day of plaintiff's accident. *Davenport*, 774 So.2d at 344.

Plaintiff argues that a Louisiana Court of Appeal for the Fourth Circuit case, *Lewis v. Jazz Casino Co., L.L.C.* stands for the proposition that a lack of evidence demonstrating that an area was cleaned prior to a fall constitutes evidence that a condition existed for "some period of time". (Doc. 19, p. 16). In *Lewis*, the court was persuaded by the fact that three separate witnesses' observations of the foreign substance on which the plaintiff slipped occurred within seconds of the plaintiff's fall, such that "it may be reasonably inferred from this circumstantial evidence that the foreign substance was on the floor for 'some time period' before [plaintiff's] fall." *Lewis v. Jazz Casino Co., L.L.C.*, 2017-0935, p. 10–11 (La. App. 4 Cir. 4/26/18); 245 So.3d 68, 75. The court made no mention of whether the lack of records of cleaning or inspection had a bearing on the issue of whether the item or hazard in question was present for such a period of time as to give the employees constructive notice as defined by law.[3]

Here, Plaintiff has provided no evidence, circumstantial or otherwise, from which a reasonable factfinder could determine whether the wood chip was on the floor

---

[3] Such questions are relevant for the second step of the analysis; that is, whether the hazard or object would have been discovered if the merchant had exercised reasonable care. *See* La. R.S. 9:2800.6(C)(1).

9

for some period of time prior to the fall. Unlike in *Lewis* and *Davenport*, there is no video or photographic evidence of Plaintiff's fall, the area where she fell, or the condition of the aisle on any day before or after Plaintiff's fall. As the Louisiana Supreme Court noted in *White*:

> [T]he lack of evidence showing the non-existence of the [hazard] is not evidence of the existence of the [hazard] but merely the absence of evidence. Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence cannot support the claimant's cause of action. Rather, the absence of evidence is fatal to the claimant's cause of action.

699 So.2d at 1085.

Plaintiff fails as a matter of law to support her claim that Defendants had notice of a hazardous condition that caused or contributed to her fall, as required by § 9:2800.6(B)(2). As noted, Louisiana's Merchant Liability Act, *supra*, is exceedingly strict, "decidedly pro-defendant," and demands more than mere speculation to support a claim against a merchant. As such, the Court is compelled, despite the unfortunate circumstances of Plaintiff's injury, to grant Defendants' Motion for Summary Judgment. While there may be a genuine issue as to whether Defendants failed to exercise reasonable care or whether a wood chip caused Plaintiff's fall, "[b]ecause a plaintiff has the burden of proving all three of the additional requirements of La. R.S. 2800.6(b), the failure to prove any is fatal to claimant's cause of action." *White*, So.2d at 1086.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 18)

is GRANTED. The claims by Plaintiff against Defendant are hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (Doc. 20) is **TERMINATED** as moot.

A separate judgment shall issue.

Baton Rouge, Louisiana, this 16th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**